**DUCK RIVER PRESERVATION ASSOCIATION, Plaintiff,**

v.

**TENNESSEE VALLEY AUTHORITY et al., Defendants.**

**Civ. A. No. 1130.**

United States District Court, E. D. Tennessee, Winchester Division.

Jan. 11, 1974.

Frank M. Fly, Murfreesboro, Tenn., and Robert S. Brandt, Nashville, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, Thomas A. Pedersen, Knoxville, Tenn., Lon P. MacFarland, Columbia, Tenn., Upper Duck River Dev. Co., for defendant.

## MEMORANDUM OPINION
## AND ORDER

NEESE, District Judge.

The plaintiff moved the Court for an order compelling discovery * of requests nos. 3, 4 of its second requests for production of documents, Rule 34, Federal Rules of Civil Procedure. The defendants objected to such requests.

■ The objection hereby is SUSTAINED as to request no. 3. It requested the production of: "Copies of working papers and other documents prepared by the [TVA's] Office of Engineering Design and Construction showing the *most recent* [emphasis supplied] cost estimates of the Normandy and Columbia Dam." One of the issues herein is: was the actual balance of costs and benefits which was struck by TVA in *reaching its decision* in connection with its Duck River project arbitrary? It appears to the Court that this issue contemplates cost estimates of these items, utilized by the defendant TVA in preparing its impact statement. Although " * * * agencies * * * must continue to reevaluate such aspects as mitigation, impact and the scope of a proposed project, even if an acceptable impact statement has been prepared, reviewed and accepted * * * ," *Sierra Club v. Froehlke,* D.C. Tex. (1973), 359 F.Supp. 1289, 1345[47], there must be a cut-off date somewhere so a reviewing court may be able to determine whether the agency acted arbitrarily.

■ The objection hereby is OVERRULED as to request no. 4, and the defendants hereby are ORDERED to comply therewith forthwith. It requested the production of: "All documents, studies, reports and correspondence prepared by and received by the [TVA's] Office of Agriculture and Chemical Development relating to estimates of direct loss in farm sales and farm-development business losses resulting from the Duck River project." An additional issue presented for this Court's determination is: did the defendant TVA reach its decision in connection with its Duck River project after a full, good faith consideration of the environmental factors involved? TVA would limit the production of such documents to those " * * * prepared in conjunction with the preparation of the environmental statement * * * ." This Court is of the opinion that the plaintiff is entitled to all such documents, studies, reports and correspondence up until the filing of the impact statement to enable it to undertake to show whether TVA reached its decision after giving *full* consideration to the environmental factors *involved.*

---

* Although discovery herein was ordered to be completed by midnight, December 15, 1973, such requests were made by the plaintiff on November 9, 1973. Under such circumstances, the Court will entertain the plaintiff's motion to compel discovery of such, filed after the expiration of the discovery period.